**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| LAWRENCE LEITGEB, DAN ROBERTS, NELSON WALLER, ROBERT CLARKSON, individually, and ROBERT CLARKSON, as representative of the class of flag supporters,<br><br>Plaintiffs,<br><br>v.<br><br>BRENDA KELLEY, GARY STEPPE, JERRY STEELE, CURTIS WATERS, DR. ELIZABETH PINKERTON, JAMES THOMAS, DEBBIE HOROTON, ELAINE DEFOOR, GEORGE PAYNE, STEPHENS COUNTY SCHOOL SYSTEM, MICHAEL CRAWFORD, RICHARD BRIDGEMAN, TOM LAW, and THE TOCCOA RECORD,<br><br>Defendants. | CIVIL ACTION NO. 2:06-CV-0034-RWS |

**<u>ORDER</u>**

Now before the Court are Plaintiffs' Motions for a New Trial (Dkt. Nos. [70] and [71]) and Defendants' Motion for Costs (Dkt. No. [75]). After

reviewing the entire record, the Court enters the following Order.

## Background

Plaintiffs are members and leaders of groups that support the display of the Confederate flag in general and the incorporation of the Confederate flag into the Georgia state flag in particular.[1] Plaintiffs organized and participated in a "flag rally" on March 19, 2004 at Stephens County Middle School, where Defendant Brenda Kelley served as Principal. In the wake of that rally, Defendant Kelley allegedly received an anonymous email stating: "Here I come. The time is now. Put the flag back and I will not kill you in your office." Plaintiffs subsequently brought suit against Defendants in March of 2006 alleging a number of theories, ranging from individual First Amendment violations to negligent hiring by the school board. All claims were related to statements that were allegedly made accusing Plaintiffs of sending Defendant Kelley the alleged death threat.

In an Order issued on March 6, 2007, the Court granted Defendants' motions to dismiss all of Plaintiffs' claims. (Dkt. No. [66].) Plaintiffs now

---

[1] The facts stated herein are taken from Plaintiff's Complaint. For a more detailed account of the facts in this case, please see the Court's Order of March 6, 2007. (Dkt. No. [66].)

2

AO 72A
(Rev.8/82)

move for a new trial, arguing that the Court should reconsider its Order dismissing Plaintiffs' claims.[2]

## Discussion

I.  **Motion for Reconsideration**

It is well-established that there are three major grounds to support a court's reconsideration of a previous judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., United States v. Battle, 272 F. Supp. 1354, 1357 (N.D. Ga. 2003); Groover v. Michelin N. Am. Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). To succeed, the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993).

Conversely, there are several circumstance under which a court will not reconsider its previous decision. A motion for reconsideration may not be used

---

[2] Defendants are certainly correct that Plaintiffs' Motion does not take the proper form, as a Motion for New Trial is inappropriate since no trial took place in this case. However, the Court will treat the Motion as though it were filed as a Motion for Reconsideration of its Order of March 6, 2007.

to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation.  Escareno v. Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Preserving Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

Plaintiffs have failed to prove any of the grounds that would warrant a reconsideration of the Court's judgment on any of Plaintiffs' claims.  Instead, they assert essentially the same arguments that they made in their Response in Opposition to Plaintiff's Motion to Dismiss.  (See Dkt. No. [14].)  Those arguments were squarely addressed and correctly rejected in this Court's Order of March 6, 2007, and the Court finds no grounds now for reconsidering that

4

Order. Plaintiffs' Motions for a New Trial [70] and [71] are therefore **DENIED**.

## II. Motion for Costs

Defendants have moved the Court for costs associated with defending this action. After taxing those costs in accordance with 28 U.S.C. § 1920, Defendants request a sum of $664.80. After reviewing Defendants' Bill of Costs [76], the Court finds that Defendants are entitled to all of the enumerated costs. Accordingly, Defendants' Motion for Costs [75] is **GRANTED** and costs are taxed against Plaintiffs in the sum of $664.80.

## Conclusion

For the reasons explained above, Plaintiffs' Motions for a New Trial (Dkt. Nos. [70] and [71]) are hereby **DENIED**. Defendants' Motion for Costs (Dkt. No. [75]) is hereby **GRANTED**, and costs are taxed against Plaintiffs in the sum of $664.80.

**SO ORDERED**, this   4th   day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)